UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE STEELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV00312 ERW |
| | ) |
| SONIC DRIVE-IN OF SALEM, MISSOURI, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Sonic Drive-In of Salem's ("Defendant") Motion to Compel, or in the alternative, Motion to Dismiss Plaintiff's Complaint for Want of Prosecution [ECF No. 36].

**I.  BACKGROUND**

On February 20, 2012, Plaintiff Connie Steelman ("Plaintiff") filed a complaint asserting a single cause of action under Title III of the Americans with Disabilities Act ("ADA") [ECF No. 1]. On March 13, 2012, Plaintiff filed an Amended Complaint substituting Sonic Drive-In of Salem, Missouri, LLC ("Defendant"), as the named Defendant [ECF No. 3]. Plaintiff was allowed to proceed without counsel in the cause [ECF No. 31]. In Plaintiff's Amended Complaint, she seeks injunctive relief and attorney's fees pursuant to ADA 42 U.S.C. 12181 against Defendant for various violations of the ADA.

An Order Referring Case to Alternative Dispute Resolution [ECF No. 21] was issued by this Court on July 24, 2012. The Court, in response to Defendant's Motion to Compel

Compliance with Court's ADR Order, ordered Plaintiff to cooperate with Defendant's Counsel and the Neutral in this matter to select an agreeable date, time and location for the ADR conference [ECF No. 33]. Plaintiff was informed that failure to comply with Orders of this Court may result in dismissal of her claims against Defendant.

In the instant Motion, Defendant states that Plaintiff has failed to respond to Defendant's discovery requests. On June 22, 2012, Defendant served on Plaintiff its First Set of Interrogatories (the "Interrogatories") [ECF No. 36, ¶ 3]. Pursuant to Federal Rule of Civil Procedure 33, Plaintiff's responses to the Interrogatories were due within 30 days, on or about July 25, 2012. *Id.* at ¶ 4. Plaintiff did not respond to the Interrogatories, nor contact Defendant to request an extension. *Id.* Accordingly, by letter dated August 8, 2012, Defendant inquired as to the status of the responses and gave Plaintiff until August 14, 2012, to provide her responses to the Interrogatories. *Id.* Plaintiff did not respond to the letter by August 14, 2012, nor provide the requested information. *Id.* at ¶ 5. Additionally, on August 8, 2012, Defendant served its First Request for Production of Documents and Tangible Items upon Plaintiff (the "Request for Production"), which was due on September 11, 2012. *Id.* at ¶ 6. As of the date of the motion, Defendant had not received any response to the Request for Production. *Id.*

Pursuant to Local Rule 37-3.04, Defendant scheduled a telephonic discovery conference with Plaintiff on September 7, 2012, to discuss Plaintiff's failure to comply with her discovery obligations. *Id*. at ¶ 7. However, Defendant was delayed in contacting Plaintiff and left a voicemail and email, requesting a return call from Plaintiff, which Defendant did not receive. *Id.* After further attempts at communication, Defendant sent a letter to Plaintiff indicating that it was making its "last attempt" to obtain the requested information from Plaintiff, as required by Local

2

Rule 37-3.04. *Id.* at ¶ 10, Exhibit E. Defendant warned Plaintiff that it would be forced to file an appropriate motion with the Court if Plaintiff failed to respond to the discovery requests. *Id.* Plaintiff assured Defendant by email of a forthcoming response to discovery requests, but again failed to provide one. *Id.* at ¶ 11.

As such, on October 2, 2012, Defendant moved the Court to compel, or in the alternative, to dismiss for want of Prosecution pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii) and 41(b), respectively. When Plaintiff failed to respond to the Motion within seven days, as required by Local Rule 7–4.01, this Court issued an Order to Show Cause, ordering Plaintiff to show why Defendant's Motion to Compel or Dismiss should not be granted [ECF No. 37]. Plaintiff filed her response entitled "Re: Court Order Show Cause." [ECF No. 38]. The response was very similar to the Amended Complaint, including some exact paragraphs and text. Within the response, Plaintiff did provide additional pictures and facts as to the alleged ADA violations. However, Plaintiff never directly addressed why Defendant's Motion to Compel or Dismiss should not be granted.

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 37(d)(1)(A)(ii), the Court where the action is pending may, on motion, order sanctions if: a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. Furthermore, a court may dismiss an action for failure to prosecute under Fed. R. Civ. P. 41(b).[1] The ability to grant a Motion to Dismiss "balance[s] the court's need to advance a

---

[1]Fed. R. Civ. P. 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not

3

crowded dockets against the consequences of denying a plaintiff his day in court." *Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir. 1993). A court's sanctions, including dismissal, shall not be "disproportionate to [plaintiff's] transgressions." *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997). Additionally, a court may consider whether a plaintiff's actions "had the effect of attacking the integrity of the court." *Rodgers v. The Curators for the Univ. of Mo.*, 135 F.3d 1216,1219 (8th Cir. 1986).

However, dismissals of a cause of action are a severe measure and should only be used when there was an "intentional delay of the action or plaintiff consistently and wilfully failed to prosecute his or her claim." *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1996). Thus, there needs to be a "factual finding of wilful or intentional failure to prosecute or comply with court orders." *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008). *See also Arnold v. ADT Sec. Serv.s, Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (affirming a Rule 41(b) dismissal where plaintiff acted with a "persistent pattern of delay and failure to comply" with court orders and court had previously "attempted to address plaintiff's conduct through less severe sanctions and warned plaintiff of possibility of dismissal").

Lastly, even when proceeding without assistance of professional counsel, "a pro se plaintiff must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). *See also Carman v Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993) (finding that plaintiff's "pro se status did not entitle him to disregard Federal Rules of Civil Procedure"). However, a document filed pro se is "to be liberally construed [and] . . . held to less stringent

---

under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits."

4

standards . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).

**III.    DISCUSSION**

Plaintiff has a duty to Defendant, as well as this Court, to follow the rules of procedure and Court orders. Plaintiff's response to Defendant's Motion to Compel or Dismiss does not directly address why this motion should not be granted, and instead, adds details to her original allegations. This imperfect response does cause delay and impairs the Court's need to advance a crowded docket. Additionally, Defendant provides allegations that this response was part of a persistent pattern of delay, adding to her previous non-responses and delayed answers to Defendant when they attempted communication.

However, Plaintiff did respond to the Court's Order to Show Cause within the time frame provided by the Court. Even if it is questionable as to whether Plaintiff followed directions to show why Defendant's motion should not be granted, her actions do not rise to the level of attacking the integrity of the Court. Considering Plaintiff's *pro se* status, her imperfect response should be construed liberally and be subject to a less strict assessment.

Because of the severity of granting a Motion to Dismiss and denying Plaintiff her day in court, dismissing the case would be disproportionate at this point to Plaintiff's transgressions. Nevertheless, as noted by Defendant, Plaintiff has shown a pattern of delay and non-response in prosecuting her case. Therefore, this Court will order Plaintiff to answer Defendant's Interrogatories and Request for Production within 10 days of this Order. If Plaintiff fails to comply with this order, the Court may dismiss this action for want of prosecution.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel, or in the alternative, Motion to Dismiss for Want of Prosecution [ECF No. 36] is **GRANTED** in part and **DENIED** in part. Defendant's Motion to Dismiss is **DENIED**. Defendant's Motion to Compel is **GRANTED**. Plaintiff has until December 17, 2012, to comply with Defendant's discovery requests, including answering the Interrogatories and the Request for Production. If Plaintiff fails to comply, the Court may impose a sanction, up to and including dismissal of the Plaintiff's lawsuit.

Dated this   3rd   day of December, 2012.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE