UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE STEELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV00312 ERW |
| | ) |
| SONIC DRIVE-IN OF SALEM, | ) |
| MISSOURI, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant Sonic Drive-In of Salem's Motion to Dismiss Plaintiff's Complaint [ECF No. 43].

On December 3, 2012, this Court issued an Order, granting Defendant Sonic Drive-In of Salem's ("Defendant") Motion to Compel Discovery [ECF No. 40]. The Court ordered Plaintiff to comply with Defendant's discovery requests, including answering interrogatories and requests for production, by December 17, 2012. The Court also warned Plaintiff that failure to comply with the Order could result in sanctions, including dismissal. Plaintiff filed a Response to the Court's Order [ECF No. 41]. Plaintiff claimed she had not received a document request from Defendant, and suggested that Defendant's counsel might be "mixed-up" with a different case involving Plaintiff and a different defendant, SRI Real Estate Properties, LLC.[1] Plaintiff did not address her lack of response to Defendant's interrogatories. In its response to Plaintiff's

---

[1] Plaintiff refers to case 4:12CV00292 CDP, in which she brings suit against SRI Real Estate Properties, LLC, and Sonic Drive In of Rolla, Missouri, LLC. Counsel representing SRI Real Estate Properties, LLC, is the same as counsel representing Defendant in the instant action.

1

submission, Defendant contends that it served the Request for Production on Plaintiff on August 8, 2012, as evidenced by its Certificate of Service.

After Plaintiff failed to respond to Defendant's interrogatories and requests for production by the Court-imposed deadline of December 17, 2012, Defendant filed the instant Motion to Dismiss. Defendant requests that this Court dismiss the action based on Plaintiff's ongoing failure to comply with its discovery obligations. Defendant also seeks that the Court award Defendant attorney fees and costs incurred in filing the Motion. On January 4, 2013, the Plaintiff had not responded to Defendant's Motion to Dismiss, and this Court issued a Show Cause Order [ECF No. 44]. Plaintiff filed a Response in Opposition on January 14, 2013, which fails to address Defendant's arguments, and merely requests an extension of time to complete discovery [ECF No. 47].

District courts have inherent power to dismiss a case for failure to prosecute. *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995)(citing *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993)). The Eighth Circuit has found that "[a]n action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Federal Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." "Dismissals with prejudice are drastic and extremely harsh sanctions. Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action or where the plaintiff has consistently and willfully failed to prosecute his [or her] claim." *Miller*, 51 F.3d at 168 (quoting *Sterling*, 985 F.2d at 412). *See also Arnold v. ADT Sec. Serv.s, Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (affirming a Rule 41(b) dismissal where plaintiff acted with a

"persistent pattern of delay and failure to comply" with court orders, and court had previously "attempted to address plaintiff's conduct through less severe sanctions and warned plaintiff of possibility of dismissal"). In order for a court to dismiss a plaintiff's claims for failure to prosecute, the court "need only find that [the] litigant acted deliberately rather than accidentally, and need not find bad faith." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997).

Here, Plaintiff has been warned by the Court that her failure to participate in discovery could result in dismissal. On September 18, 2012, the Court, in response to Defendant's Motion to Compel Compliance with Court's ADR Order, ordered Plaintiff to cooperate with Defendant's Counsel and the Neutral, and she was informed that failure to comply with Orders of this Court may result in dismissal of her claims. As noted above, Plaintiff was again warned of the possible sanctions for her non-compliance by the Court on December 3, 2012, when the Court ordered her to respond to Defendant's interrogatories and requests for production.

Although Plaintiff argues that she did not receive Defendant's request for production, this contention is unpersuasive. Notably, Plaintiff did not raise this argument in her October 22, 2012 response to Defendant's Motion to Compel [ECF No. 38], but instead raised it for the first time after the Court ordered her to address Defendant's discovery requests. Additionally, Plaintiff's argument does not address her lack of response to Defendant's *interrogatories*, nor does Plaintiff dispute that she was served Defendant's first interrogatories on June 22, 2012 - over six months ago. Defendant also alleges multiple attempts to communicate with Plaintiff regarding both the

interrogatories and requests for production, prior to motioning the Court to compel compliance.[2]

As such, the Court finds that Plaintiff has exhibited a persistent pattern of delay, and has deliberately failed to comply with this Court's Order. The Court, therefore, will grant Defendant's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute [ECF No. 43] is **GRANTED.** Plaintiff's claims are dismissed with prejudice.

Defendant has 21 days after entry of final judgment pursuant to Fed. R. Civ. P. 58 to file a motion for attorney's fees. Failure to file a motion within the time provided may constitute a waiver of attorney's fees.

Dated this    22nd    day of January, 2013.

                                        E. RICHARD WEBBER
                                        SENIOR UNITED STATES DISTRICT JUDGE

---

[2]According to Defendant, several attempts to obtain Plaintiff's compliance were made [ECF No. 36]. Defendant scheduled a telephonic discovery conference with Plaintiff, pursuant to Local Rule 37-3.04, on September 7, 2012, to discuss Plaintiff's failure to comply with her discovery obligations. However, Defendant was delayed in contacting Plaintiff and left a voicemail and email, requesting a return call from Plaintiff, which Defendant did not receive. After further attempts at communication, Defendant sent a letter to Plaintiff indicating that it was making its "last attempt" to obtain the requested information from Plaintiff, as required by Local Rule 37-3.04. Defendant warned Plaintiff that it would be forced to file an appropriate motion with the Court if Plaintiff failed to respond to the discovery requests. Plaintiff assured Defendant by email of a forthcoming response to discovery requests, but again failed to provide one.